UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

VICTOR L. JORDAN,

Plaintiff,

v.                                                          CAUSE NO. 3:19-CV-838-DRL-MGG

LAPORTE COUNTY JAIL STAFF, *et al.*,

Defendants.

OPINION AND ORDER

Victor L. Jordan, a prisoner without a lawyer, filed a complaint (ECF 1) that appears to contain

unrelated claims. He names ten separate defendants and complains generally about the conditions at

the LaPorte County Jail, where he is confined while he awaits trial. Mr. Jordan alleges that the jail is

overcrowded and that inmates must sleep on the floor, although it is unclear whether he sleeps on the

floor. He alleges that Ms. J. Crosslin does not respond to grievances and is taking too much money

from his inmate trust account.[1] He alleges that Mrs. Cribbs interfered with his mail. He alleges that

suicidal inmates are being placed in harm's way by being placed in a padded cell with a hole in the

floor and loose plywood, but it is not clear that he was placed in this cell. He alleges that he has vision

and hearing trouble that prevent him from enjoying the television that other inmates enjoy. He alleges

that he is prevented from possessing hygiene items, writing utensils, envelopes, and pictures of loved

ones. He alleges that he is being deprived of hot meals. He alleges that the jail charged him too much

for medication. He complains that the jail locks down each evening at 6:00 p.m. and all day on

---

[1] Mr. Jordan indicates that she is taking more than 20% of his income. Mr. Jordan, however, has filed more than one lawsuit in this district. *See Jordan v. Mackala*, 3:19-CV-518-JD-MGG (filed July 5, 2019). "A prisoner who files one suit remits 20 percent of income to his prison trust account; a suit and an appeal then must commit 40 percent, and so on. Five suits or appeals mean that the prisoner's entire monthly income must be turned over to the court until the fees have been paid." *Newlin v. Helman*, 123 F.3d 429, 436 (7th Cir. 1997), *overruled on other grounds* by *Lee v. Clinton*, 209 F.3d 1025 (7th Cir. 2000) and *Walker v. O'Brien*, 216 F.3d 626 (7th Cir. 2000).

Tuesdays. He complains that disciplinary hearings are held in a manner that violates the Due Process Clause, but he does not allege that his due process rights have been violated. In short, he argues that the staff at the LaPorte County Jail have engaged in an "overabundance of wrongs[.]" (ECF 1 at 7.)

It is unclear how these various allegations are related, or even which of the defendants is responsible for the various alleged wrongs. Mr. Jordan may not sue different defendants based on unrelated events. "Unrelated claims against different defendants belong in different suits." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007); *see also Owens v. Evans*, 878 F.3d 559, 566 (7th Cir. 2017). When a *pro se* prisoner files a suit with unrelated claims, the court has several options. *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 683 (7th Cir. 2012). It is the practice of this court to notify the plaintiff and allow him to decide which claim (or related claims) to pursue in the instant case—as well as to decide when or if to bring the other claims in separate suits. *Id.* ("The judge might have been justified in directing Wheeler to file separate complaints, each confined to one group of injuries and defendants."). This is the fairest solution because "the plaintiff as master of the complaint may present (or abjure) any claim he likes." *Katz v. Gerardi*, 552 F.3d 558, 563 (7th Cir. 2009).

While Mr. Jordan attempts to connect his claims as part of his inhumane treatment while housed at LaPorte County Jail, there is no indication in the current complaint that there is a relationship between the overcrowding, refusal to respond to grievances, manner in which mail is processed, unsafe cell conditions, lack of medical care, restrictions on what he may possess and when he may leave his cell, complaints about food, cost of medication, or the manner in which disciplinary proceedings are handled. Unless Mr. Jordan can establish a connection between these seemingly unrelated circumstances, the claims do not belong in the same lawsuit.

Mr. Jordan also needs to clarify who is he suing for what. Several of the defendants that Mr. Jordan names here appear to have been included only because they are "in charge of something" and therefore "should be held accountable." ECF 1 at 4. Section 1983 "liability depends on each

defendant's knowledge and actions, not on the knowledge or actions of persons they supervise." *Burks v. Raemisch*, 555 F.3d 592, 594 (7th Cir. 2009). "[P]ublic employees are responsible for their own misdeeds but not for anyone else's." *Id.* at 596. The doctrine of *respondeat superior*, which allows an employer to be held liable for subordinates' actions in some types of cases, has no application to § 1983 actions. *Moore v. State of Indiana*, 999 F.2d 1125, 1129 (7th Cir. 1993). "'[N]o prisoner is entitled to insist that one employee do another's job,' and the division of labor is critical to the efficient functioning of the organization." *Aguilar v. Gaston-Camara*, 861 F.3d 626, 633 (7th Cir. 2017) (quoting *Burks v. Raemisch*, 555 F.3d 592, 594 (7th Cir. 2009). As the Seventh Circuit explained in *Burks*:

> The division of labor is important not only to bureaucratic organization but also to efficient performance of tasks; people who stay within their roles can get more work done, more effectively, and cannot be hit with damages under § 1983 for not being ombudsmen. [The] view that everyone who knows about a prisoner's problem must pay damages implies that [a prisoner] could write letters to the Governor of Wisconsin and 999 other public officials, demand that every one of those 1,000 officials drop everything he or she is doing in order to investigate a single prisoner's claims, and then collect damages from all 1,000 recipients if the letter-writing campaign does not lead to better medical care. That can't be right. The Governor, and for that matter the Superintendent of Prisons and the Warden of each prison, is entitled to relegate to the prison's medical staff the provision of good medical care.

*Burks*, 555 F.3d at 595. Personal liability requires more than a showing that the defendants knew of his plight. Mr. Jordan's amended complaint needs to explain what each defendant did that Mr. Jordan believes makes them liable to him. Allegations that the defendant is a supervisor or that the defendant knew of his complaints will not suffice.

The court could properly limit this case by picking a claim (or related claims) for Mr. Jordan because "[a] district judge [can] solve the problem by . . . dismissing the excess defendants under Fed.R.Civ.P. 21." *Wheeler*, 689 F.3d at 683. Alternatively, the court could split the unrelated claims because "[a] district judge [can] solve the problem by severance (creating multiple suits that can be separately screened)." *Id.* Both of these solutions pose potential problems. Thus, it is the prisoner

plaintiff who should make the decision whether to incur those additional filing fees and bear the risk of additional strikes. However, if Mr. Jordan is unable to select related claims on which to proceed in this case, one of these options may become necessary. Mr. Jordan needs to decide which related claims and associated defendants he wants to pursue in this case. *See Katz*, 552 F.3d at 563 and *Wheeler*, 689 F.3d at 683. Then, he needs to file an amended complaint including only a discussion of the related claims and defendants. Moreover, he should not write about other events and conditions at the prison that are not directly related to the claim against the named defendant or defendants. If he believes those other events or conditions state a claim, he needs to file separate lawsuits.

Additionally, Mr. Jordan has filed a motion seeking a temporary restraining order (ECF 5) indicating that he fears for his life and safety, but he does not provide any facts explaining why he believes he is in danger. Nothing in his complaint suggests that he will suffer irreparable harm if a preliminary injunction is not issued. He has also provided a "supplemental report" (ECF 6) that appears to be an attempt to amend his complaint by interlineation to add additional defendants and dismiss a defendant. Pursuant to Fed. R. Civ. P. 15(a)(1), he may amend his complaint as a matter of course, but N.D. Ind. L.R. 15-1 requires that he do so by "reproduc[ing] the entire pleading as amended" and prohibits "incorporat[ing] any prior pleading by reference." Mr. Jordan has not tendered a proposed amended complaint containing all of his claims against all of the defendants, and a complaint cannot be amended in piecemeal fashion in federal court.

Lastly, Mr. Jordan seeks copies of his grievances and recordings from several dates. These discovery requests are premature as the court has not granted Mr. Jordan leave to proceed on any of his claims. Thus, no defendant has been served and no defendant has appeared or answered the complaint. Mr. Jordan is advised that, until a defendant appears in this action, any attempt to obtain discovery from that defendant is premature. Furthermore, subpoenas are unnecessary to obtain documents from a defendant; the proper method for a plaintiff to obtain documents from a defendant

is to serve a request for production on defense counsel and to file a copy of the discovery requests with the court. *See* Fed. R. Civ. P. 26-37; N.D. Ind. L.R. 26-2.

Mr. Jordan will be granted an opportunity to file an amended complaint containing only related claims. *Luevano v. WalMart Stores, Inc.*, 722 F.3d 1014, 1022-23, 1025 (7th Cir. 2013); *Loubser v. Thacker*, 440 F.3d 439, 443 (7th Cir. 2006). In the amended complaint, he should explain in his own words what happened, when it happened,[2] where it happened, who was involved, and how he was personally injured, providing as much detail as possible. Accordingly, the court:

(1) DENIES Victor L. Jordan's request for a temporary restraining order and subpoena of physical evidence (ECF 5);

(2) DIRECTS the clerk to put this case number on a blank Prisoner Complaint (INND Rev. 8/16) form and send it to Victor L. Jordan along with three blank Prisoner Complaint (INND Rev. 8/16) forms and three blank AO-240 (Rev. 7/10) (INND Rev. 8/16) Prisoner Motion to Proceed In Forma Pauperis forms;[3]

(3) GRANTS Victor L. Jordan until **December 2, 2019** to file an amended complaint containing only related claims on the form with this case number sent to him by the clerk; and

(4) CAUTIONS Victor L. Jordan if he does not respond by the deadline or if he files an amended complaint with unrelated claims, the court will select one group of related claims and dismiss the others without prejudice.

SO ORDERED.

November 5, 2019                           *s/ Damon R. Leichty*
                                           Judge, United States District Court

---

[2] Mr. Jordan's complaint indicates that the events giving rise to this lawsuit occurred from October 3, 2016 until the present. "Indiana's two-year statute of limitations . . . is applicable to all causes of action brought in Indiana under 42 U.S.C. § 1983." *Snodderly v. R.U.F.F. Drug Enforcement Task Force*, 239 F.3d 892, 894 (7th Cir. 2001). Mr. Jordan's complaint was postmarked on September 20, 2019, so claims arising prior to September 20, 2017 are barred by the applicable statute of limitations.

[3] Should Mr. Jordan require additional forms, he may contact the Clerk's Office to request additional forms.