UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

VICTOR L. JORDAN,

    Plaintiff,

v.      CAUSE NO. 3:19-CV-838-DRL-MGG

LAPORTE COUNTY JAIL STAFF *et al.*,

    Defendants.

OPINION AND ORDER

Victor L. Jordan, a prisoner without a lawyer, filed an amended complaint (ECF 19) against eight separate defendants. Mr. Jordan, who was a pretrial detainee at the LaPorte County Jail, initially sued ten defendants and alleged an "overabundance of wrongs[.]" ECF 1 at 7. In his original complaint, Mr. Jordan complained about overcrowding, refusal to respond to grievances, the manner in which mail is processed, unsafe cell conditions, lack of medical care, restrictions on what he may possess and when he may leave his cell, the food, the cost of medication, and the manner in which disciplinary proceedings are handled. "Unrelated claims against different defendants belong in different suits . . .." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). *See also Owens v. Evans*, 878 F.3d 559, 566 (7th Cir. 2017). Because it was unclear how these various allegations were related, or even which of the defendants was responsible for the various alleged wrongs, Mr. Jordan was instructed that he may not sue different defendants based on unrelated events and he was granted an opportunity to amend his complaint. When a *pro se* prisoner files a suit with unrelated claims, the court has several options,

but allowing the plaintiff to amend his complaint to include only related claims is the fairest solution. *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 683 (7th Cir. 2012); *Katz v. Gerardi*, 552 F.3d 558, 563 (7th Cir. 2009).

The amended complaint reduces the number of defendants to eight, but Mr. Jordan still complaints about the manner that a conduct report and related grievances were handled, conditions in segregation, the handling of a piece of legal mail, overcharging by Quality Correctional Care (QCC), and inadequate medical care for bipolar disorder and anxiety. These claims are not all related.

The court has already explained to Mr. Jordan that the court could properly limit this case by picking a claim (or related claims) for him because "[a] district judge [can] solve the problem by . . . dismissing the excess defendants under Fed.R.Civ.P. 21." *Wheeler*, 689 F.3d at 683. He was warned that, if he could not select related claims on which to proceed in this case, it might become necessary for the court to pick for him. Here, Mr. Jordan was not able to limit the allegations in his amended complaint to related claims, so the court selects. After considering the various allegations in the complaint, the court chooses Mr. Jordan's allegations regarding the handling of the conduct report, the handling of the related grievance, and his time spent in segregation as a result of allegations that he incited a riot to proceed here. He alleges that Deputy Callahagn opened his legal mail, that QCC overcharged him, that he received inadequate care from QCC providers for his bipolar disorder and anxiety, and that he was placed in segregation on other occasions will be excluded from consideration in this lawsuit.

"A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

On August 1, 2019, Mr. Jordan was a pretrial detainee at the LaPorte County Jail when he was accused of inciting a riot and placed in segregation. In segregation, he had no reading material other than a Bible, no writing materials, no personal hygiene materials other than a small bar of soap, and no clothing other than boxers and socks. He was permitted an hour a day to shower, brush his teeth, read, write, and exercise. Deputy Watson wrote a disciplinary report charging Mr. Jordan with the offense of "group demonstration." ECF 19 at 1. Mr. Jordan was found guilty. He does not indicate how he was sanctioned for the violation. Mr. Jordan appealed, and Sgt. Wilcher denied the appeal as untimely. Mr. Jordan appealed that determination too, and Sgt. Wilcher determined that his appeal was timely, but no relief was available because Mr. Jordan had already served his sanction.

"[T]he Fourteenth Amendment's Due Process Clause prohibits holding pretrial detainees in conditions that 'amount to punishment.'" *Mulvania v. Sheriff of Rock Island Cty.*, 850 F.3d 849, 856 (7th Cir. 2017)(quoting *Bell v. Wolfish*, 441 U.S. 520, 535 (1979)). It has long been recognized that inmates are entitled to "the minimal civilized measure of

3

life's necessities." *Hardeman v. Curran*, 933 F.3d 816, 820 (7th Cir. 2019) (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)). Inmates are held in conditions that amount to punishment when they are not provided with "reasonably adequate ventilation, sanitation, bedding, hygienic materials, and utilities." *Id*. (quoting *Gray v. Hardy*, 826 F.3d 1000, 1005 (7th Cir. 2016)). "A pretrial condition can amount to punishment in two ways: first, if it is 'imposed for the purpose of punishment,' or second, if the condition 'is not reasonably related to a legitimate goal—if it is arbitrary or purposeless—a court permissibly may infer that the purpose of the government action is punishment.'" *Mulvania*, 850 F.3d at 856 (quoting *Bell*, 441 U.S. at 538–39). A pretrial detainee states a valid Fourteenth Amendment claim by alleging that (1) the defendants "acted purposefully, knowingly, or perhaps even recklessly," and (2) the defendants' conduct was objectively unreasonable. *Miranda v. Cty. of Lake*, 900 F.3d 335, 353–54 (7th Cir. 2018) (citing *Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2472-74 (2015); *see also Hardeman*, 933 F.3d at 823 (extending *Kingsley's* objective inquiry to all Fourteenth Amendment conditions-of-confinement claims brought by pretrial detainees).

There is nothing in the amended complaint indicating that the brief time Mr. Jordan spent in segregation following the riot was anything more than a safeguard to ensure order following the riot. Placing an inmate accused of inciting a riot or violating prison rules by engaging in group demonstration in segregation for security reasons does not amount to punishment. *See Higgs v. Carver*, 286 F.3d 437, 438 (7th Cir. 2002).

To the extent that Mr. Jordan's placement in segregation was punitive, he was entitled to notice and an opportunity to be heard. *Id.* ("A pretrial detainee cannot be

4

placed in segregation as a punishment for a disciplinary infraction without notice and an opportunity to be heard; due process requires no less."). Mr. Jordan contends that his due process rights were violated because he did not receive a copy of the charge within twenty-four hours, and no lay advocate was provided. Mr. Jordan was not entitled to "the full panoply of rights due a [criminal] defendant." *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). The Constitution doesn't require that he receive a copy of the charge within twenty-four hours of the incident – only that he receives advance written notice of the factual allegations of the charge prior to the hearing. *Wolff*, 418 U.S. at 564; *Northern v. Hanks*, 326 F.3d 909, 910 (7th Cir. 2003). The Constitution also doesn't require that he receive the benefit of a lay advocate. A prisoner has a right to a lay advocate only if he is illiterate or the issues presented are complex. *Miller v. Duckworth*, 963 F.2d 1002, 1004 (7th Cir. 1992). The charge of group demonstration is not complex, and nothing in either the complaint or the record suggests that Mr. Jordan is illiterate. The amended complaint doesn't allege facts from which it can be plausibly inferred that Mr. Jordan did not receive all the process he was due before being found guilty of group demonstration, so he doesn't state a claim.

While Mr. Jordan's time in segregation was short-lived, the write up caused Mr. Jordan to be housed with more violent offenders than he otherwise would have been housed with if he had not been charged with a conduct violation. He asked to be moved because he was afraid for his life, and he paid offenders with commissary or food from his trays to avoid harm. "[P]risons are dangerous places," as "[i]nmates get there by violent acts, and many prisoners have a propensity to commit more." *Grieveson v.*

*Anderson*, 538 F.3d 763, 777 (7th Cir. 2008). Being placed with violent offenders after being found guilty of a conduct violation does not violate the constitution. Therefore, these allegations do not state a claim.

In addition to the appeals of his finding of guilt, Mr. Jordan filed a grievance. The exact nature of the grievance is unclear, but Deputy Watson responded to the grievance by indicating that it should have been directed to the prison's administration. Mr. Jordan believes that either Sgt. Oliver or Captain Ott should have responded instead. While jail policy may require that Sgt. Oliver or Captain Ott respond, a violation of the jail's policy does not amount to a constitutional violation. *Scott v. Edinburg*, 346 F.3d 752, 760 (7th Cir. 2003)("However, 42 U.S.C. § 1983 protects plaintiffs from constitutional violations, not violations of state laws or, in this case, departmental regulations and police practices."). Furthermore, there is no indication that either Sgt. Oliver or Captain Ott were personally involved in this matter; the only allegation is that they should have been. "[P]ublic employees are responsible for their own misdeeds but not for anyone else's." *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009). The doctrine of *respondeat superior*, which allows an employer to be held liable for subordinates' actions in some types of cases, has no application to § 1983 actions. *Moore v. State of Indiana*, 999 F.2d 1125, 1129 (7th Cir. 1993). Furthermore, Mr. Jordan has no constitutional right to access the grievance process. *See Grieveson v. Anderson*, 538 F.3d 763, 770 (7th Cir. 2008) (noting that there is not a Fourteenth Amendment substantive due process right to an inmate grievance procedure).

Mr. Jordan has also sued Deputy Crosslin because he is being charged for copies of grievances and he cannot have copies made due to his funds being held by Deputy Crosslin. Mr. Jordan, however, has no constitutional right to free copies. *See Lindell v. McCallum*, 352 F.3d 1107, 1111 (7th Cir. 2003) (indigent *pro se* prisoner had no "constitutional entitlement to subsidy. . . to prosecute a civil suit[.]").

Finally, Mr. Jordan has sued LaPorte County Jail Staff. Mr. Jordan's complaint doesn't state a claim; but, even if they did, he could not proceed against unnamed members of the jail's staff. *See Wudtke v. Davel*, 128 F.3d 1057, 1060 (7th Cir. 1997)("[I]t is pointless to include lists of anonymous defendants in federal court; this type of placeholder does not open the door to relation back under Fed. R. Civ. P. 15, nor can it otherwise help the plaintiff.").

Although it is usually necessary to permit a plaintiff the opportunity to file an amended complaint when a case is dismissed *sua sponte*, *see Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013), that is unnecessary where the amendment would be futile. *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009) ("[C]ourts have broad discretion to deny leave to amend where . . . the amendment would be futile."). Such is the case here, particularly given the opportunity already.

For these reasons, this court:

(1) DISMISSES Quality Correctional Care Care Providers and Sheriff Deputy Callahagn pursuant to Federal Rule of Civil Procedure 21; and

(2) DISMISSES this case pursuant to 28 U.S.C. § 1915A because it does not state a claim.

SO ORDERED.

July 26, 2021                                             *s/ Damon R. Leichty*
                                                          Judge, United States District Court